

**UNITED STATES PROBATION & PRETRIAL SERVICES**
**District of New Hampshire**

# MEMORANDUM

| | |
|---|---|
| DATE | April 6, 2021 |
| TO: | Honorable Andrea K. Johnstone<br>U.S. Magistrate Judge |
| FROM: | Scott M. Davidson<br>U.S. Probation Officer |
| RE: | U.S. v. Kira Swinton (Dkt. #20-CR-131-2-SM) |

### Report of Bail Violation – Summons Recommended

**The probation officer respectfully requests that the Court issue a summons to Kira Swinton so that she may be brought before the Court to show cause as to why her bail should not be revoked. In support of this request, the probation officer offers the following information.**

Release Status

On November 4, 2020, Kira Swinton appeared before U.S. Magistrate Judge Andrea K. Johnstone for an initial appearance, pursuant to an Indictment charging her with Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance (Fentanyl), in violation of 21 U.S.C. § 841(b)(1)(C). At that time, the parties agreed to her release with conditions including pretrial supervision. On November 6, 2020, the probation officer met with the defendant to review the conditions of pretrial release. The probation officer reviewed each condition and the defendant acknowledged her understanding of them.

Details of Current Violation(s)

**Violation of Condition 7(g):** <u>Submit to any method of testing required by the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing:</u>

On January 5, 2021, the defendant contacted the probation officer and stated that she had a scheduled drug test on January 6, 2021. She advised that she had an exposure to an individual who was positive for COVID-19 and she planned to get a COVID test to determine if her exposure resulted in infection. The probation officer agreed to excuse her from the drug test but requested an update on her COVID status. On January 12, 2021, the probation officer requested verification that she obtained a COVID test on January 6, 2021. The defendant then admitted that she did not have a COVID exposure and she did not get a COVID test. She stated that her depression was affecting her, and she planned to return to her medical provider to discuss her medication regimen.

RE: Kira Swinton (Dkt. #20-CR-131-2-SM)
Report of Bail Violation – Summons Requested
April 6, 2021

The probation officer admonished the defendant for lying and advised her that any similar conduct would not be tolerated.

Evidence in support of this violation include the probation officer's testimony regarding the incident and admonishment during that time.

**Violation of Condition 7(p):** <u>The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. 802, unless prescribed by a licensed medical practitioner:</u>

On March 15, 2021, the defendant submitted a drug test. Later that same date, the probation officer met with her for a routine contact. During that contact, the defendant advised that she had submitted a drug test that day and that the results of that test would be normal. On March 18, 2021, the probation officer received the result of that drug test which was presumptive positive for cocaine and fentanyl. The probation officer called the defendant and confronted her about the positive test. The defendant denied any drug use and requested that the sample be sent to the national laboratory for further analysis. Prior to ending the conversation, the probation officer gave the defendant numerous opportunities to admit her drug use; however, she maintained her denial. Notably, she reported drinking alcohol as well as ingesting her father's prescribed antidepression medication, Silenor (doxepin), and wondered whether either of those could have caused a false positive.

On Friday, March 19, 2021, at 5:20 p.m., the defendant sent lengthy text messages to the probation officer in which she admitted to cocaine use. The probation officer advised her that he would be on leave the following week but, upon return, she should be prepared to work with the probation officer on a plan to address her relapse.

On March 30, 2021, the probation officer met with the defendant. While the probation officer rebuked the drug use, the primary focus of the conversation was on the defendant's dishonesty. The defendant agreed to address this issue with her psychiatrist as well as reach out to her former substance abuse treatment provider. Lastly, the defendant signed an admission form acknowledging her drug use.

Evidence in support of this violation includes the defendant's verbal and written admission to drug use.

**Violation of Condition 1:** <u>The defendant shall not commit any offense in violation of federal, state, or local law while on release in this case:</u>

On April 2, 2021, the defendant was arrested for Driving Under the Influence and Possession of Controlled Substance.

Evidence in support of this violation includes 1) the probation officer's testimony that a member of the NH State Police contacted the probation officer regarding the arrest and 2) the defendant's report to the probation officer that she was arrested for the same.

RE: Kira Swinton (Dkt. #20-CR-131-2-SM)
Report of Bail Violation – Summons Requested
April 6, 2021

Recommendation:

The defendant's actions are representative of someone who is no longer in control of their behavior and now presents a danger to the community. This is compounded by her inability to be honest with probation. The defendant's historical participation in treatment services, both substance abuse and mental health, suggests that she should have been able to utilize the resources and techniques learned in counseling to intervene in her relapse. Unfortunately, she appears to have disregarded those teachings which has resulted in an escalating series of poor choices. The most serious being the DUI in which she crashed her vehicle, but fortunately avoided harming anyone. For all those reasons, the probation officer respectfully recommends that the Court issue a summons.

Reviewed & Approved by:


/s/ *Eric G. Gray*                                              04/06/2021
Eric G. Gray                                                    Date
Supervisory U.S. Probation Officer


*************************************************************************

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant/Matter Sealed Pending Arrest
[XX]  The Issuance of a Summons
[ ]   Other


*Andrea K. Johnstone*                       April 6, 2021
Honorable Andrea K. Johnstone              Date
U.S. Magistrate Judge